IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,098-02






EX PARTE JOHN JOSEPH WALSH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


 CAUSE NO. 2024295-A IN THE 331st JUDICIAL DISTRICT COURT 

TRAVIS COUNTY



 

 Per Curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of driving while intoxicated, and punishment was assessed at five years of
confinement. No direct appeal was taken. 

 Applicant contends that he received ineffective assistance of counsel. Specifically,
the Applicant contends that, after informing counsel the two prior Georgia convictions listed
on his indictment for enhancement purposes were not for driving while intoxicated, counsel
refused to investigate and improperly allowed him to be convicted for a third-degree felony. 
Also, the Applicant contends that the prosecutor engaged in misconduct when, knowing there
were problems with the Georgia convictions listed on the indictment for purposes of
enhancement, he still allowed the Applicant to be indicted for, and convicted of, a third-degree felony. Last, the Applicant contends that the trial court committed an error when,
after being informed there were problems with the prior Georgia convictions, he merely
informed the parties they could stipulate to their validity, thus allowing the Applicant to be
improperly convicted of third-degree felony.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from counsel and the prosecutor, or it may order a hearing. 
In the appropriate case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Tex.
Code Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court should make findings of
fact as to whether counsel was ineffective for failing to investigate Applicant's prior Georgia
convictions used for purposes of enhancement, and whether he was ineffective for advising
the Applicant to plead guilty to a third-degree felony. The trial court should also make
findings of fact regarding whether there was any misconduct by the prosecutor, or an
oversight on the part of the trial court, in this cause. The trial court should also make any
further findings of fact and conclusions of law it deems relevant and appropriate to the
disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 24th DAY OF MAY, 2006.

EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.